# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-134 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Cameron Hanes, | |
| Defendant. | |

This matter is before the Court on the Government's Motion for Continuance of Motions Hearing, ECF No. 43. The Government requests that the motions hearing presently set for July 27, 2021, ECF No. 17, be continued to August 2[1], 2021, due to a scheduling conflict. Defendant has no objection to this short continuance. ECF No. 43 at 1. Further, Defendant has indicated through counsel that he declines to consent to videoconferencing for the criminal motions hearing. ECF No. 44.

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] On April 29, 2021, Chief Judge Tunheim entered General Order No. 28, which allows limited in-person proceedings to start on May 3, 2021, for defendants who decline to consent to conducting the

---

[1] August 1, the date listed in the Government's motion is a Sunday. The Court assumes this was just an inadvertent typographical error as e-mail correspondence with the Court and counsel reflect the August 2 date.
[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 28 (D. Minn. Apr. 29, 2021). General Order No. 28 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 28 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[3] General Order No. 28 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 28, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that emergency declaration; (3) the Governor of the State of Minnesota issuing a series of emergency executive orders

imposing certain restrictions on Minnesota residents to prevent and respond to COVID-19; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons imposing modified operations; (6) that Minnesota continues to be an area of risk for further COVID-19 spread and concerns about the potential increased transmissibility of emerging strains of the COVID-19 virus; and (7) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 28 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

The Court inquired whether Defendant consented to conducting the criminal motions

---

[3] *See also* General Order No. 29, which went into effect on June 23, 2021, vacated General Order No. 27, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 29 (D. Minn. June 17, 2021).

hearing using videoconferencing. ECF No. 18, 42. As stated above, Defendant has indicated through counsel that he declines to consent to videoconferencing for the criminal motions hearing. ECF No. 44.

**For the reasons addressed in General Order No. 28 and the well-documented concerns regarding COVID-19, and consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the in-person arraignment and criminal motions hearing are continued and shall now take place before Magistrate Judge Tony N. Leung on August 2, 2021, at 1:00 p.m., in *a courtroom to be determined* at the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide the parties and their respective counsel the time necessary for effective preparation and to make efficient use of the parties' resources. The Court further finds that such continuance is not due to a lack of diligent preparation. In addition, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Lastly, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between July 12 and August 2, 2021, will be excluded under the Speedy Trial Act, absent further order of the Court.

## III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Continuance of Motions Hearing, ECF No. 43, is **GRANTED**.

2. The period of time from **July 12 through August 2, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. The in-person arraignment and criminal motions hearing shall now take place before Magistrate Judge Tony N. Leung on **August 2, 2021, at 1:00 p.m., in *a courtroom to be determined*** at the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota.

4. **All other deadlines in the Court's Arraignment Notice and Scheduling Order, ECF No. 17, remain in full force and effect**.

5. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Donovan W. Frank to confirm the new trial date.**


Dated: July  13  , 2021                     *s/ Tony N. Leung*
                                            TONY N. LEUNG
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Hanes*
                                            Case No. 21-cr-134 (DWF/TNL)